IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KATELYN WEILBRENNER, a minor, and DIANN COURTOY, individually and as natural mother and next friend of KATELYN WEILBRENNER, | : : : : : |
| Plaintiffs, | : Civil Action No. : 7:08-CV-23(HL) |
| v. | : : |
| TEVA PHARMACEUTICALS USA, INC., | : : : |
| Defendant. | |

# ORDER

On December 17, 2008, Plaintiffs filed a Motion for Extension of Time for Plaintiffs' Expert Witness Deadline (Doc. 30). The basis for Plaintiffs' request was that their original expert did not testify as expected at his deposition. The Plaintiffs requested five days from the entry of an order granting their extension to find another expert. The Court granted the Motion the next day. Subsequently, Defendant filed a Response (Doc. 31) to Plaintiffs' Motion for Extension of Time. Defendant's Response is essentially a Motion for Reconsideration and the Court will treat it as such.

In its Motion for Reconsideration, Defendant argues that Plaintiff's expert witness deadline expired several months ago, and that it would be unfair and prejudicial to Defendant to allow Plaintiff another opportunity to find an expert. The original Scheduling and Discovery Order (Doc. 12) provided that Plaintiff's expert

witness deadline was June 23, 2008, and Defendant's deadline was July 23, 2008. On June 27, 2008, the parties filed a Consent Motion to Extend Discovery Deadlines (Doc. 17). The Court granted (Doc. 20) the Consent Motion and Plaintiffs' expert witness deadline was extended to August 22, 2008, and Defendant's was extended to September 22, 2008. On October 9, 2008, the parties filed a Second Consent Motion to Extend Discovery Deadlines (Doc. 26). In their Second Consent Motion, the parties did not request an extension of time to file Plaintiffs' expert witness designations, but they did request an extension of time for Defendant's expert designations. On October 14, 2008, the Court granted the requested extensions and the following pertinent deadlines were set: (1) discovery to be complete by March 23, 2009; (2) dispositive motions due by May 5, 2009; and (3) Defendant's expert designations due by January 20, 2009.

After careful consideration, the Court concludes that Defendant's Motion for Reconsideration should be denied. The discovery deadline is not set to expire until three months from now, and Defendant's expert witness designations are due in approximately thirty days. As noted in the Court's Rules 16/26 Order (Doc. 4), it is the typical practice of the Court that the a plaintiff's expert witness deadline be thirty days before a defendant's expert witness deadline. Although the Court technically did not extend Plaintiff's expert deadline when it granted the parties' Second Consent Motion, the result of granting Plaintiffs' current request for an extension of time would be consistent with this Court's typical practice for expert deadlines. Defendant's Motion

for Reconsideration is therefore denied.

**SO ORDERED**, this the   23rd   day of December, 2008


                                                                                    **s/Hugh Lawson**
                                                                                    **HUGH LAWSON, Judge**

dhc